## Siegel, Cooper & Company v. Metropolitan Amusement Association.

### Gen. No. 13,823.

1. VERDICT—*when, rendered in Municipal Court, not disturbed.* A verdict rendered in the Municipal Court will not be set aside as against the weight of the evidence unless clearly and manifestly so.

2. AMENDMENTS AND JEOFAILS—*when actual amendment, pursuant to leave, not essential.* Actual literal amendment of written pleadings is not essential where written pleadings were not required under the Municipal Court Act.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed April 30, 1908.

A. BINSWANGER, for plaintiff in error.

90      APPELLATE COURTS OF ILLINOIS.

VOL. 141.]     Siegel, Cooper & Co. v. Metro. Amus. Assn.

BLUM & BLUM, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This is a writ of error brought to reverse a judgment of the Municipal Court rendered in favor of the plaintiff, the Metropolitan Amusement Association, against the defendant, Siegel, Cooper & Co., for $125. The suit was brought on a bill of particulars reading: "For advertising in Sans Souci Park Souvenir
      Program amounting to_____$125."
An amended bill of particulars being required a written contract signed,

"SIEGEL, COOPER & CO.,

'Address Jos. BASCH, Sec."

and countersigned,

"Approved, G. B. McCLEARY,

For Sans Souci Park,"

was set forth, which read as follows:

No. *00*.         SANS SOUCI PARK,

THE METROPOLITAN AMUSEMENT ASSOCIATION,

Owner.

MEMORANDUM OF AGREEMENT.

For Advertising in Sans Souci Park Souvenir Program.

CHICAGO, March 26, 1906.

We hereby authorize The Metropolitan Amusement Association to insert in the weekly Sans Souci Park Souvenir Program (for free distribution in Sans Souci Park) during the season of 1906, advertisement in space one page in colors—the back page—for which we agree to pay $125.00. Payment for same to be made June 15, 1906.

Guaranteed circulation of program is 125,000 copies. In event of our failure to furnish copy for advertisement publisher is hereby authorized to insert our business card."

This contract with other documentary and oral evidence was produced at the trial of the cause before

the court without a jury, and the results were a finding in favor of the plaintiff for $125 and the judgment thereupon before described.

We are asked to reverse the judgment on the ground that it is against the weight of the evidence, and that the damages were at all events excessive.

It is a case which falls within the fourth class designated by the Municipal Court Act, and we are to "decide such cases upon their merits as they appear from the stenographic report signed by the judge." (Sec. 23 of Municipal Court Act, paragraph 8.) And this is what we are called on to do by the defendant when we are asked to reverse the judgment as against the evidence.

But on a careful consideration of the evidence as it appears in the report, we cannot see our way to do this. The defendant does not deny the execution and delivery of the written contract by a duly authorized party, nor that it continued in existence in the hands of the plaintiff and its assignee until after the advertising called for by it had been furnished, and until it was produced in evidence in this cause. Nor does the defendant deny that its terms were complied with by the plaintiff's assignee, or that the recovery was according to its provisions.

The defense is that before the printing called for by the advertisement was done, the contract was abrogated or cancelled by the consent of the parties, and that the subsequent action under it was unauthorized, and made no claim against the defendant, and evidence was introduced by the defendant tending to establish this.

But at best the evidence tends to show a misunderstanding and a slip about the business which finally resulted, after all the cancellation spoken of had been made—if it were definitely made—in the defendant's authorized advertising manager furnishing the plaintiff's assignee, who held the contract, with the copy necessary for the advertisement. This might prop-

erly be considered a rehabilitation of the contract; under the circumstances, authorizing its completion, despite what had gone before. Of course this would not have been the effect had there been fraud or misrepresentation, but none is alleged. There is nothing in the point about the failure to prove the circulation. The testimony was that 160,000 copies of the program were printed all at one time (before plaintiff's assignee heard of the alleged cancellation), and that they were all circulated in the park during the summer.

The amendment allowed by the addition of Mr. Valentine's name as usee was not necessary; but if it were, we do not think any actual literal amendment of written pleadings would be required where no written pleadings at all are necessary.

The judgment of the Municipal Court is affirmed.

*Affirmed.*